1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  ERIC TASARANTA; and DARILOU TASARANTA, | **CASE NO. 09-CV-01722-H (WMC)** |
| 12                                  Plaintiffs, | **ORDER:** |
| 13        vs. | **(1) GRANTING DEFENDANT AMERICAN MORTGAGE NETWORK, INC.'S MOTION TO DISMISS &** |
| 14 | |
| 15 | |
| 16  HOMECOMINGS FINANCIAL; AMERICAN MORTGAGE NETWORK, INC., also known as Vertice; and DOES 1-50, | **(2) GRANTING IN PART DEFENDANT AMERICAN MORTGAGE NETWORK, INC.'S MOTION TO STRIKE** |
| 17 | |
| 18                                  Defendants. | |

19

20        On August 7, 2009, Defendant American Mortgage Network, Inc., also known as

21  Vertice ("AMNet") removed this case from the Superior Court of California, County of San

22  Diego.  (Doc. No. 1.)  On August 14, 2009, Defendant AMNet filed a motion to dismiss the

23  complaint and a motion to strike portions of the complaint.  (Doc. Nos. 4 & 5.)  Plaintiffs Eric

24  Tasaranta and Darilou Tasaranta, proceeding pro se, did not file a response in opposition.

25        The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines these

26  matters are appropriate for resolution without oral argument and submits them on the papers.

27  For the reasons set forth below, the Court grants Defendant AMNet's motion to dismiss the

28  complaint and grants in part Defendant AMNet's motion to strike portions of the complaint.

1

2

## **Background**

3      Plaintiffs' complaint arises from a home loan secured by real property owned by

4 Plaintiffs, located at 1918 Harrils Mill Ave, Chula Vista, CA 91913. (Doc. No. 1, Ex. A,

5 Compl. ¶ 5.) Plaintiffs' complaint alleges causes of action for: (1) violation of the Truth In

6 Lending Act ("TILA"), 15 U.S.C. §1601 et seq.; (2) violation of the Real Estate Settlement

7 Procedures Act ("RESPA"), 12 U.S.C. §2605 et seq.; (3) violation of the Home Ownership and

8 Equity Protection Act ("HOEPA"), 15 U.S.C. §1602, et seq.; (4) violation of the Fair Debt

9 Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.; (5) breach of fiduciary duty;

10 (6) breach of the covenant of good faith and fair dealing; (7) injunctive relief; and (8)

11 declaratory relief.

12      On or about May 6, 2005, Plaintiffs executed an adjustable rate note, promising to pay

13 American Mortgage Network, Inc. ("AMNet") the sum of $619,000 in monthly payments.

14 (Compl. 5.) Plaintiffs allege that the adjustable rate note was based upon a one year LIBOR.

15 (Id. ¶ 6.) The deed of trust was recorded with the San Diego County Recorder's Office. (Id.

16 ¶ 10.) Plaintiffs allege that crucial terms regarding the loan documentation were never fully

17 explained, such as the exact interest rate set forth in the note, how and when any adjustments

18 to that interest rate and the recurring monthly payment would occur, what index or basis would

19 be used for calculating any interest rate adjustments, and the effect of any amortization. (Id.

20 ¶ 7.) On information and belief, Plaintiffs allege that Defendants charged and obtained

21 improper fees for the placement of their loan as "sub-prime" when they qualified for a prime

22 rate mortgage, which would have generated less in fees and interest. (Id. ¶ 8.) Plaintiffs also

23 allege on information and belief that the service of the note was transferred from or by

24 Defendant to another Defendant, without the knowledge of Plaintiffs, rendering others

25 "servicers" within the definition in RESPA. (Id. ¶ 9.)

26      Defendant AMNet moves to dismiss Plaintiffs' complaint for failure to state a claim

27 pursuant to Fed. R. Civ. Pro. 12(b)(6). (Doc. No. 4.) AMNet also moves to strike portions of

28 the complaint, specifically Plaintiffs' request for punitive damages in their first and fifth causes

of action and Plaintiffs' request for rescission in their second cause of action.  (Doc. No. 5.)

**Discussion**

## I.  Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6)

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Navarro v. Black, 250 F.3d 729, 731 (9th Cir. 2001).  A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion.  Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting id. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).  "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir.1996); see also Twombly, 550 U.S. at 555-56.

## A.  Truth In Lending Act

Plaintiffs' first cause of action is for violations of the Truth In Lending Act ("TILA") by AMNet and Defendant Homecomings Financial. (Compl. ¶¶ 11-17.) Plaintiff alleges that Defendants have violated TILA in that "they have refused and continued to refuse to validate

1   or otherwise make full accounting and the required disclosures as to the true finance charges

2   and fees," "they have improperly retained funds belonging to Plaintiffs in amounts to be

3   determined," and "they have failed to disclose the status of the ownership of the loans." (Id.

4   ¶ 13.)  As a result of these alleged violations, Plaintiffs seek rescission of the loan, return of

5   all funds received by Defendants from Plaintiffs, compensatory damages, and punitive

6   damages.  (Id. ¶¶ 14-17.)

7       TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit

8   terms."  15 U.S.C. §1601(a).  Its provisions impose certain duties on creditors.  The statute

9   itself defines "creditor" as referring only to "the person to whom the debt arising from the

10  consumer credit transaction is initially payable on the face of the evidence of indebtedness."

11  15 U.S.C. §1602(f).  TILA has been amended to extend liability to assignees of the original

12  creditor in certain situations.  15 U.S.C. § 1641(a).  However, this provision applies "only if

13  the violation for which such action or proceeding is brought is apparent on the face of the

14  disclosure statement, except where the assignment was involuntary."  Id.

15      The Court concludes that Plaintiffs fail to sufficiently allege a cause of action against

16  Defendants for TILA violations.  Plaintiffs fail to allege which provisions of TILA AMNet

17  allegedly violated and when any such violations took place.  Plaintiffs make only conclusory

18  allegations that Defendants have improperly retained funds belonging to Plaintiffs and have

19  failed to disclose "true finance charges and fees."  Plaintiffs' bare bone allegations that

20  Defendants have failed to make a full accounting and disclose the true finance charges and fees

21  do not put AMNet on fair notice of how required disclosures under TILA were incorrect.

22      Furthermore, Plaintiffs' request for any damages under TILA is subject to a one year

23  statute of limitations, typically running from the date of the loan execution.  15 U.S.C.

24  §1640(e).  Plaintiffs' loan was executed on May 6, 2005, and this action was filed on July 2,

25  2009. (Compl. ¶ 5.)  Plaintiffs do not allege that AMNet failed to make required disclosures

26  or otherwise violated TILA in the appropriate time frame. The Ninth Circuit has held equitable

27  tolling of civil damages claims brought under TILA may be appropriate "in certain

28  circumstances," such as when a borrower might not have had a reasonable opportunity to

discover the nondisclosures at the time of loan consummation. <u>King v. State of California</u>, 784 F.2d 910, 915 (9th Cir. 1986). Courts then have discretion to "adjust the limitations period accordingly." <u>Id.</u> The applicability of equitable tolling often depends on matters outside the pleadings. <u>Supermail Cargo, Inc. v. U.S.</u>, 68 F.3d 1204, 1206 (9th Cir. 1995) (citation omitted.) Therefore, the determination "is not generally amenable to resolution on a Rule 12(b)(6) motion." <u>Id.</u> Here, however, not only have Plaintiffs failed to state relevant facts to support a TILA claim, they have not demonstrated any entitlement to equitable tolling. Plaintiffs' claim against Defendant AMNet for damages under TILA is dismissed without prejudice.

Additionally, Plaintiffs' rescission claim under TILA is barred by the three year statute of limitations, as Plaintiffs' note and deed of trust originated in May 2005 and this action was filed in July 2009. <u>See</u> 15 U.S.C. §1635(f) ([a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first...."); <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002) (holding courts are deprived of subject matter jurisdiction when a §1635 claim is brought outside the three year limitation period). Plaintiffs' TILA rescission claim is therefore dismissed against Defendant AMNet with prejudice.

**B. Real Estate Settlement Procedures Act**

Plaintiffs' second cause of action is for violation of the Real Estate Procedures Settlement Act ("RESPA"), 12 U.S.C. § 2605, et seq. (Compl. ¶¶ 18-24.) Plaintiffs allege that Defendants "placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned." (<u>Id.</u> ¶ 20.) Plaintiffs further allege that Defendants Homecomings Financial and AMNet are "servicers" under RESPA and that they violated the requirements of § 2605(b) "in that the servicing contract or duties there under were transferred or hypothecated without the required notice." (<u>Id.</u> ¶ 21.)

Section 8(a) of RESPA provides that, "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a

1    federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). RESPA

2    contains a one year statute of limitations for any action brought pursuant to the provisions of

3    section 8.  12 U.S.C. §2614.  Plaintiffs' loan closed in 2005 and this action was brought in

4    2009.  The complaint fails to allege when any violation of RESPA occurred in relation to the

5    alleged Yield Spread Premium ("YSP") and why Defendant AMNet should be liable, as

6    AMNet was the original lender of the loan and Plaintiff only makes conclusory allegations that

7    Defendants "placed loans."  Furthermore, federal and state courts have rejected the proposition

8    that YSPs are illegal per se.  See Bjustrom v. Trust One Mortg. Corp., 322 F.3d 1201, 1206

9    (9th Cir. 2003); Byars v. SCME Mortg. Bankers, Inc., 109 Cal.App.4th 1134, 1143-44 (2003).

10   Without more, the complaint fails to state a claim against Defendant AMNet under section 8

11   of RESPA and appears to be precluded by the statute of limitations.

12        Plaintiffs also allege Defendants violated RESPA by failing to notify Plaintiffs that the

13   servicing of the loan was transferred.  RESPA provides that, "[e]ach servicer of any federally

14   related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer

15   of the servicing of the loan to any other person" and that "[d]uring the 60-day period beginning

16   on the effective date of transfer of the servicing of any federally related mortgage loan, a late

17   fee may not be imposed on the borrower."   12 U.S.C. § 2605(b)(1) & (d).  "Servicer" is

18   defined in the statute as, "the person responsible for servicing of a loan (including the person

19   who makes or holds a loan if such person also services the loan)."  12 U.S.C. § 2605(i)(2).

20        The Court concludes that Plaintiffs fail to state a claim against Defendant AMNet for

21   a violation of § 2605.  Plaintiffs make only conclusory allegations that AMNet was a servicer

22   within the meaning of RESPA and that the servicing of the loan was transferred.  Plaintiffs do

23   not allege when any such transfer took place or what entities were involved.  Additionally,

24   Plaintiffs do not allege any damage as a result of the alleged failure to provide the required

25   notice.   See 12 U.S.C. § 2605(f)(1) (borrow can recover "any actual damages to the borrow

26   as a result of the failure").  The Court also notes that Plaintiffs' claim for a violation of § 2605

27   may be time barred as it is subject to a three year statute of limitations.  See 12 U.S.C. § 2614.

28   Accordingly, the Court grants Defendant AMNet's motion to dismiss Plaintiffs' second cause

1    of action for violations of RESPA.

2    **C.  Home Ownership and Equity Protection Act**

3    Plaintiffs' third cause of action is for a violation of the Home Ownership and Equity

4    Protection Act ("HOEPA"). (Compl. ¶¶ 25-29.) Plaintiffs allege that the mortgage falls within

5    the purview of HOEPA and that HOEPA was violated as the loan was "placed and

6    administrated and otherwise utilized without regard to Plaintiffs[sic] income or cash flow and

7    with the intention of inducing a default." (Id. ¶ 27.)  Plaintiffs allege that they became "aware

8    of this upon discovery of Defendants intent to wrongfully foreclose and sell their property."

9    (Id. ¶ 28.)

10   Section 1639(h) of HOEPA provides that "[a] creditor shall not engage in a pattern or

11   practice of extending credit to consumers under mortgages referred to in section 1602(aa) of

12   this title based on the consumers' collateral without regard to the consumers' repayment

13   ability, including the consumers' current and expected income, current obligations, and

14   employment." 15 U.S.C. § 1639(h).  Plaintiffs fail to state a claim for violation of HOEPA.

15   Plaintiffs do not allege that any Defendant, including AMNet, engaged in a pattern or practice

16   of extending credit to consumers without regard to repayment ability.  Plaintiffs do not allege

17   facts showing that the alleged loan transaction was one "secured by the consumers' principal

18   dwelling" and thus within the ambit of HOEPA. See 15 U.S.C. § 1602(aa)(1).  Additionally,

19   Plaintiffs only make conclusory allegations that the loan was placed without regard to

20   Plaintiffs' income and with the intention of inducing a default.  Without more, Plaintiffs'

21   complaint fails to satisfy the pleading standards under Twombly and Iqbal.  The Court also

22   notes that Plaintiffs' cause of action for a violation of HOEPA is likely barred by the one year

23   statute of limitations, as the promissory note was executed in 2005 and this action was filed

24   in 2009.  Accordingly, the Court grants Defendant AMNet's motion to dismiss Plaintiffs' third

25   cause of action for violation of HOEPA.

26   **D.  Fair Debt Collection Practices Act**

27   Plaintiffs' fourth cause of action is for violation of the Fair Debt Collection Practices

28   Act ("FDCPA").  (Compl. ¶¶ 30-34.)  Plaintiffs allege that Defendants are "debt collectors"

1  and that Defendants did not respond to Plaintiffs' requests for validation of the debt in such
2  a way as to meet the requirements of the FDCPA.  (Id. ¶¶ 31-33.)

3      The Court concludes that Plaintiffs fail to sufficiently allege a violation of the FDCPA.
4  The FDCPA applies only to debt collectors. 15 U.S.C. § 1692a(4, 6).  The FDCPA does not
5  apply to creditors. 15 U.S.C. § 1692a(4, 6) ("[T]he term [debt collector] does not include (A)
6  any officer or employee of a creditor while, in the name of the creditor, collecting debts for
7  such creditor . . . (F)(ii) concerns a debt which was originated by such person.").  Plaintiff only
8  makes conclusory allegations that Defendants are "debt collectors" within the meaning of the
9  FDCPA and alleges that AMNet was the original lender.  In addition to not meeting the
10  pleading requirements under the FDCPA's definition of "debt collector," Plaintiffs fail to plead
11  what provisions of the FDCPA AMNet allegedly violated and facts supporting any violations.
12  Plaintiffs make only a conclusory statement that Defendants "failed to respond to their
13  demands in such a way as to meet the requirements of the act." (Id.)  This is insufficient to
14  state a claim under the FDCPA that raises the right to relief above the speculative level.
15  Accordingly, the Court grants Defendant AMNet's motion to dismiss Plaintiffs' fourth cause
16  of action for a violation of the FDCPA.

17  **E.  Breach of Fiduciary Duty**

18      Plaintiffs' fifth cause of action is for breach of fiduciary duty based upon Plaintiffs'
19  allegation that they were in a fiduciary relationship with Defendants.  (Compl. ¶¶ 35-41.)
20  Generally, barring an assumption of duty or a special relationship, "financial institutions owe
21  no duty of care to a borrower when the institution's involvement in the loan transaction does
22  not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart
23  Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (1991).  Although California law
24  imposes a fiduciary duty on a mortgage broker for the benefit of the borrower, no such duty
25  is imposed on a lender.  UMET Trust v. Santa Monica Med. Inv. Co., 140 Cal.App.3d 864,
26  872-73 (1983); Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989) (citing Downey
27  v. Humphreys, 102 Cal.App.2d 323, 332 (1951)) ("'A debt is not a trust and there is not a
28  fiduciary relation between debtor and creditor as such.' The same principle should apply with

1  even greater clarity to the relationship between a bank and its loan customers.").  Because

2  AMNet as a lender owes no fiduciary duty to Plaintiffs, Plaintiffs' claim for breach of fiduciary

3  duty against AMNet fails as a matter of law.  Accordingly, the Court grants Defendant

4  AMNet's motion to dismiss Plaintiffs' fifth cause of action with prejudice.

5  **F.  Breach of Covenant of Good Faith and Fair Dealing**

6  Plaintiffs' sixth cause of action is for breach of covenant of good faith and fair dealing.

7  (Compl. ¶¶ 42-45.)  Plaintiffs allege that "the commencement of foreclosure proceedings upon

8  the property lawfully belonging to Plaintiffs without the production of documents

9  demonstrating lawful rights for the foreclosure constitutes a breach of the implied covenant."

10  (Id. ¶ 44.)

11  California recognizes that every contract contains an implied covenant of good faith and

12  fair dealing, "'impos[ing] upon each contracting party the duty to refrain from doing anything

13  which would render performance of the contract impossible by any act of his own, but also the

14  duty to do everything that the contract presupposes that he will do to accomplish its purpose.'"

15  1 Witkin, Summary of California Law, Contracts § 798 (10th ed. 2005).  In order to state a

16  claim for relief on an implied covenant theory, there must first be a contractual relationship

17  between the parties.  Id. § 800 (citation omitted).  "The essence of the good faith covenant is

18  objectively reasonable conduct."  Id. § 801.  A breach of the implied covenant of good faith

19  and fair dealing requires something more than a breach of the contractual duty itself.  Careau

20  & Co. v. Security Pacific Business Credit, Inc., 222 Cal.App.3d 1371, 1394 (1990) (citations

21  omitted).  This "implies unfair dealing rather than mistaken judgment."  Id.

22  The Court concludes that Plaintiffs fail to state a claim for breach of the covenant of

23  good faith and fair dealing.  Plaintiffs have not alleged how AMNet has unfairly interfered

24  with Plaintiffs' rights under any alleged contract, other than the conclusory allegations that the

25  foreclosure proceedings constitutes a breach of the implied covenant.  Plaintiffs have not

26  alleged that they have complied with the terms of the contract and are current on their loan

27  payments, thereby making a foreclosure improper.  Furthermore, Plaintiffs base this claim on

28  the allegation that Defendants have not demonstrated lawful rights for the foreclosure.

However, California law does not require production of the original note in order to proceed with a non-judicial foreclosure.  Cal. Civ. Code § 2924(a), et seq.  Accordingly, the Court grants Defendant AMNet's motion to dismiss Plaintiff's sixth cause of action for breach of the covenant of good faith and fair dealing.

**G.  Injunctive Relief**

Plaintiffs' seventh cause of action is for injunctive relief and alleges that "Defendants should be required to provide the original note and all subsequent notes with appropriate endorsements."  (Compl. ¶¶46-49.)  However, an injunction is merely a remedy and is not a cause of action.  Shamsian v. Atl. Richfield Co., 107 Cal.App.4th 967, 984-85 (2003).  A cause of action must exist before injunctive relief may be granted.  Plaintiffs' request for an injunction is based on their allegations that Defendants must provide the original note in order to foreclose on the property.  The Court has concluded that these allegations fail to state a claim against Defendant AMNet upon which relief may be granted.  Accordingly, the Court grants Defendant AMNet's motion to dismiss Plaintiffs' seventh cause of action.

**H.  Declaratory Relief**

Plaintiffs' eighth cause of action is for declaratory relief and alleges that "a declaration of rights and duties of the parties herein is essential to determine the actual status and validity of the loan, Deed of Trust, nominated beneficiaries, actual beneficiaries, loan servicers, trustees instituting foreclosure proceedings and related matters."  (Compl. ¶¶ 50-53.)

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Declaratory relief should be denied if it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  United States v. Washington,  759 F.2d 1353, 1356-57 (9th Cir. 1985).  A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action.  Manown v. Cal-Western Reconveyance Corp., 2009 WL 2406335, at *6 (S.D. Cal. Aug. 4, 2009).  The Court finds that the declaratory relief Plaintiffs

seek is entirely commensurate with the relief sought through their other causes of action. Thus, Plaintiffs' declaratory relief claim is duplicative and unnecessary. Accordingly, the Court grants Defendant AMNet's motion to dismiss Plaintiffs' eighth cause of action.

## II. Motion to Strike pursuant to Fed. R. Civ. Proc. 12(f)

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter." A motion to strike may be used when the damages are not recoverable as a matter of law. See, e.g., Tapley v. Lockwood Green Engineers, Inc., 502 F.2d 559, 560 (8th Cir.1974). Defendant AMNet moves to strike Plaintiffs' request for punitive damages in their first and fifth causes of action and Plaintiffs' request for rescission in their second cause of action under RESPA.

### A. Punitive Damages

#### 1. TILA

Plaintiffs in their first cause of action for violations of TILA seek punitive damages. (Compl. ¶ 17.) TILA prescribes its own remedies and does not authorize awards of punitive damages. See 15 U.S.C. §1640. As Plaintiff is not entitled to punitive damages as a matter of law under TILA, the Court grants Defendant AMNet's motion to strike Plaintiffs' request for punitive damages in their first cause of action.

#### 2. Breach of Fiduciary Duty

Plaintiffs also seek punitive damages in their fifth cause of action for breach of fiduciary duty. (Compl. ¶ 41.) As Plaintiffs' cause of action for breach of fiduciary duty is dismissed with prejudice, the Court denies as moot Defendant AMNet's motion to strike Plaintiffs' request for punitive damages in their fifth cause of action.

### B. Rescission under RESPA

Plaintiffs seek rescission in their second cause of action for violations of RESPA. (Compl. ¶22.) Plaintiffs allege that Defendants violated § 2605 and section 8 of RESPA. (Id. ¶¶ 20-21.) RESPA does not provide for rescission as a remedy for a violation of § 2605 or a violation of section 8. 12 U.S.C. §§ 2605(f) & 2607(d). Accordingly, the Court grants Defendant AMNet's motion to strike Plaintiffs' request for rescission under RESPA, as

1    Plaintiffs are not entitled to rescission under RESPA as a matter of law.

2                                   **Conclusion**

3           For the reasons set forth above, the Court GRANTS Defendant AMNet's motion to

4    dismiss Plaintiffs' complaint, GRANTS Defendant AMNet's motion to strike Plaintiffs'

5    request for punitive damages from their first cause of action for violations of TILA, GRANTS

6    Defendant AMNet's motion to strike Plaintiffs' request for rescission in their second cause of

7    action for violations of RESPA, and DENIES AS MOOT Defendant AMNet's motion to strike

8    Plaintiffs' request for punitive damages in their fifth cause of action for breach of fiduciary

9    duty. Plaintiffs may file an amended complaint within 30 days of the date of this order to cure

10   the deficiencies in the Plaintiff's complaint.

11          **IT IS SO ORDERED.**

12   DATED: September 21, 2009

13

14                                              MARILYN L. HUFF, District Judge
                                                UNITED STATES DISTRICT COURT
15

16

17

18

19

20

21

22

23

24

25

26

27

28